```
BROWN WHITE & OSBORN LLP
THOMAS M. BROWN (Bar No. 117449)
tbrown@brownwhitelaw.com
LUKE FIEDLER (Bar No. 307614)
lfiedler@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213.613.0500
Facsimile: 213.613.0550

Attorneys for Plaintiff
P-COVE ENTERPRISES, INC. dba,
BUYERS CONSULTATION SERVICE,
INC.
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P-COVE ENTERPRISES, INC., dba BUYERS CONSULTATION SERVICE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIGHT ROCK OF MONTANA, LLC, a Montana Limited Liability Company, dba BRIGHTLINK RECOVERY SERVICES; LANCE WELLER, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-8402-FMO (KSx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REOPEN CASE AND ENFORCE SETTLEMENT AGREEMENT BY ENTRY OF JUDGMENT; REQUEST FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing Date: April 25, 2019<br>Hearing Time: 10:00 a.m.<br>Courtroom: 6D<br><br>*[Declaration of Thomas M. Brown and Proposed Order filed concurrently herewith]* |

TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 25, 2019, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 6D of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff P-Cove Enterprises, Inc., dba Buyers Consultation Service, Inc. ("BCS") will move for an order to (1) reopen this case to enforce the January 25, 2019 fully executed Settlement Agreement between BCS, on the one hand, and Defendants Lance Weller ("Weller") and Light Rock of Montana, LLC, dba Brightlink

1  Recovery Services ("Light Rock") (collectively, "Defendants"), on the other hand; (2) enter
2  Judgment against Defendants in the amount of $125,000, pursuant to the Settlement
3  Agreement; and (3) award BCS all reasonable costs and attorneys' fees incurred in bringing
4  this Motion and enforcing its rights under the Settlement Agreement, subject to proof.
5      BCS brings this Motion after corresponding with Ethan D. Kirschner ("Kirschner"),
6  Defendants' counsel of record, on February 8, 2019 pursuant to Local Rule 7-3.  Kirschner
7  failed to reply to BCS's correspondence.
8      This Motion is based on this Notice of Motion, the accompanying Memorandum of
9  Points and Authorities attached hereto, the Declaration of Thomas M. Brown filed
10 concurrently herewith, the pleadings and other documents on file in this action, and any other
11 evidence or oral arguments that may be presented at the time of the hearing.

DATED:  February 26, 2019

Respectfully submitted,
BROWN WHITE & OSBORN LLP

By  s/ *Thomas M. Brown*
THOMAS M. BROWN
LUKE FIEDLER
Attorneys for Plaintiff
P-COVE ENTERPRISES, INC., dba
BUYERS CONSULTATION SERVICE, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants Lance Weller ("Weller") and Light Rock of Montana, LLC, dba Brightlink Recovery Services ("Light Rock") (collectively, "Defendants") breached the terms of the Settlement Agreement Defendants executed with Plaintiff P-Cove Enterprises, Inc., dba Buyers Consultation Service, Inc. ("BCS") on January 25, 2019 ("Settlement Agreement"), thereby forcing BCS to seek the Court's assistance in enforcing it.  In the Settlement Agreement, Defendants agreed to pay BCS the discounted amount owed of $105,000 on or before February 8, 2019 in exchange for BCS's agreement to request dismissal of this lawsuit with prejudice.  Defendants also agreed to pay BCS the full amount owed of $125,000 if they failed to complete the $105,000 payment on or before February 8, 2019, and agreed to pay BCS's attorneys' fees and costs if BCS prevailed in any attempt to enforce the terms of the Settlement Agreement.

After BCS filed a Notice of Settlement on January 25, 2019, the Court issued an Order on January 28, 2019 ("Dismissal Order") explicitly retaining jurisdiction over this case to enforce the Settlement Agreement.  *See* Docket no. 38 at 1 (retaining "full jurisdiction over this action" and dismissing the case "without prejudice to the right, upon good cause shown within 30 days from the filing date of this Order, to re-open the action if settlement is not consummated").

Despite agreeing to the Settlement Agreement's payment terms, on February 8, 2019, Defendants breached the Settlement Agreement by failing to make timely payment.  Because of Defendants' refusal to comply with the terms of the Settlement Agreement, BCS respectfully requests that the Court enforce the January 25, 2019 Settlement Agreement attached hereto to the Declaration of Thomas M. Brown by (1) reopening this case; (2) entering Judgment against Defendants in the amount of $125,000, pursuant to the Settlement Agreement; and (3) awarding BCS all reasonable costs and attorneys' fees incurred in bringing this Motion and enforcing its rights under the Settlement Agreement, subject to proof.

## II. STATEMENT OF FACTS

The factual background leading to BCS's filing of this lawsuit against Defendants is comprehensively discussed in Defendants' Motion to Set Aside Entry of Default of Lance Weller ("Motion to Set Aside") (Docket no. 18) and Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") (Docket no. 21), as well as BCS's oppositions to both Motions (Docket nos. 28-29). Briefly, BCS filed this lawsuit against Defendants on September 28, 2018 to obtain relief for Defendants' fraudulent conduct in connection with BCS's agreement to purchase 750 electric water heaters from Defendant Brightlink for sale at BCS's retail stores in Southern California. In its Complaint, BCS alleged six claims against Defendants: (1) breach of contract; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) breach of implied warranty of merchantability; (5) breach of implied warranty of fitness for a particular purpose; and (6) breach of implied covenant of good faith and fair dealing. *See* Complaint ("Compl."), Docket no. 1 at 7-11.

After the Court granted Defendants' Motion to Set Aside and denied Defendants' Motion to Dismiss without prejudice on January 7, 2019, the parties reached agreement to settle the lawsuit, and the parties executed the Settlement Agreement on January 25, 2019. Declaration of Thomas M. Brown ("Brown Decl."), ¶ 2, Ex. A. The written terms of the Settlement Agreement, negotiated and signed by all parties, reflect the parties' mutual intent, among other things, to eliminate all doubt or dispute about what the parties *agreed* would occur in the event Defendants failed to perform any of their obligations by the February 8, 2019 deadline stated therein. These material terms stated:

- Defendants' agreement to pay BCS $105,000 on or before February 8, 2019 via wire transfer. Brown Decl., Ex. A at ¶ 5.
- Defendants' agreement to pay BCS the increased amount of $125,000, payable on or before February 9, 2019, if Defendants failed to make the $105,000 payment by February 8, 2019. *Id.* The parties agreed that the $125,000 represented BCS's actual, general, special, and punitive damages, as well as interest and BCS's attorneys' fees associated with litigating the case prior to the January 25, 2019

Settlement Agreement. *Id.*

- Defendants' acknowledgment that the parties have entered into the Settlement Agreement in the state of California, and that California law will govern all parts of the Settlement Agreement. *Id.*, ¶ 20.
- Defendants' agreement that the "prevailing party in any proceeding or action to enforce the terms of [the Settlement Agreement] shall be entitled to recover all of its reasonable attorneys' fees and costs." *Id.*, ¶ 21.

After the parties executed the Settlement Agreement on January 25, 2019, BCS filed a Notice of Settlement that same day pursuant to Local Civil Rule 16-15.7. Docket no. 37. BCS requested that the Court take this case off calendar pending the parties' filing of a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which BCS agreed to file within four business days of receipt of Defendants' $105,000 payment. Brown Decl., Ex. A at ¶ 6.

On January 28, 2019, the Court entered an Order Dismissing Action Without Prejudice ("Dismissal Order") (Docket no. 38). The Court stated that it was dismissing this lawsuit "without prejudice to the right, upon good cause shown within 30 days from the filing date of this Order, to re-open the action if settlement is not consummated. The court retains full jurisdiction over this action and this Order shall not prejudice any party to this action." Docket no. 38 at 1.

On February 8, 2019, the day Defendants agreed to wire BCS the $105,000 payment, attorney James R. Barnes ("Barnes") contacted BCS's counsel by telephone and told him that his client was unable to make payment as set forth under the terms of the Settlement Agreement.[1] Brown Decl., ¶ 3. Barnes informed BCS's counsel that he had tried unsuccessfully over the last several days to contact Ethan D. Kirschner ("Kirschner"), whom Defendants retained as counsel on November 15, 2018 and with whom BCS's counsel had

---

[1] Barnes previously communicated on behalf of Defendants with BCS's counsel in October and November 2018 in an effort to settle the case, as BCS detailed in its December 20, 2018 Opposition to Defendant's Motion to Set Aside. *See* docket no. 28 at 2-5.

negotiated and executed the Settlement Agreement on Defendants' behalf. *Id.* After completing the telephone call with Barnes, BCS's counsel sent an email to Kirschner that same day informing him of the conversation. *Id.*, ¶ 4, Ex. B. In that email, BCS's counsel gave Kirschner notice of BCS's intent to file the instant Motion, request entry of Judgment against Defendants in the amount of $125,000, and to seek recovery of BCS's attorneys' fees and costs in doing so, pursuant to paragraphs 5 and 21 of the Settlement Agreement, respectively. *Id.*

As of the date of this Motion, neither Kirschner nor Barnes has communicated with BCS's counsel regarding the Settlement Agreement, and BCS has not received any payment from Defendants pursuant to the terms of the Settlement Agreement. *Id.*

## III. THE COURT SHOULD ENFORCE THE SETTLEMENT AGREEMENT

### A. The Court Has Jurisdiction to Enforce the Settlement Agreement

"A district court may retain jurisdiction to enforce a settlement agreement entered into by parties to an action after the action has been dismissed." *Tiger Bay Village Corp. v. Yihe Corp.*, 2014 WL 3662259, *2 (C.D. Cal. July 18, 2014). This Court has jurisdiction to enforce a settlement agreement "if the district court explicitly retains jurisdiction over the settlement agreement." *Arata v. Nu Skin Intern., Inc.*, 96 F.3d 1265, 1268-69 (9th Cir. 1996) (district court had subject matter jurisdiction at the time that the defendant filed her motion to enforce the settlement agreement because it reserved "continuing and exclusive jurisdiction" over the case); *see also Hill v. Kaiser Foundation Health Plan*, 2015 WL 5138561, *6 (N.D. Cal. Sep. 1, 2015) ("Parties who wish to retain the court's jurisdiction to enforce their settlement agreement must . . . have the court retain jurisdiction expressly[.]").

Here, the Court may enforce the Settlement Agreement because it explicitly retained jurisdiction over this case for that purpose in its January 28, 2019 Dismissal Order. *See* Docket no. 38 at 1 (retaining "full jurisdiction over this action" and dismissing the case "without prejudice to the right, upon good cause shown within 30 days from the filing date of this Order, to re-open the action if settlement is not consummated"). Accordingly, the Court has jurisdiction to enforce the Settlement Agreement.

**B.  The Court Should Enforce the Settlement Agreement**

   **a.  Applicable Law**

"A settlement agreement is treated as a contract and a party may file a motion to enforce a settlement agreement to obtain an order for damages or specific performance." *Tiger Bay*, 2014 WL 3662259 at *2.  State contract law governs the enforcement of a Settlement Agreement in federal diversity cases.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1017-18 (9th Cir. 2012).

A "district court retaining jurisdiction to enforce a settlement agreement has the power to summarily enforce the agreement if the parties do not dispute the contract's material terms or its binding nature on the parties." *Tiger Bay*, 2014 WL 3662259 at *2.  "To be enforced, a settlement must . . . meet two specific requirements: (1) it must be a complete agreement; and (2) the settling parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." *Hill*, 2015 WL 5138561 at *6.  "[I]f parties have agreed to be bound by a complete settlement agreement, a court may enter a judgment pursuant to the agreement's terms." *Tiger Bay*, 2014 WL 3662259 at *3 (citations omitted).

   **b.  The Parties Agreed to Be Bound by the Settlement Agreement**

The Court should grant BCS's Motion because the parties' Settlement Agreement satisfies both requirements articulated in *Tiger Bay*.  First, the parties intended that the Settlement Agreement signed on January 25, 2019 would be complete, fully binding, and enforceable.  A "complete agreement" is one in which "the parties have reached agreement on all material terms." *Schaffer v. Litton Loan Servicing, LP*, 2012 WL 10274678, at *8 (C.D. Cal. Nov. 13, 2012).  The parties agreed that the Settlement Agreement is "the entire agreement among the Parties concerning the subject matter of this Agreement."  Brown Decl., Ex. A at ¶ 12.  The Settlement Agreement provides for Defendants' payment of either $105,000 or $125,000 to BCS in exchange for BCS's agreement to request dismissal of this case with prejudice.  *Id.*, ¶¶ 5-6.  Thus, the Settlement Agreement clearly and unambiguously states that it represents the parties' complete agreement and contains all of the material terms governing settlement of this case.

Second, there can be no dispute that the parties signed the Settlement Agreement themselves on January 25, 2019 as a memorialization of the parties' agreement. Weller signed the Settlement Agreement on behalf of himself and Defendant Light Rock, and Jonathan Manhan, an officer and authorized representative of BCS, signed the Settlement Agreement on behalf of BCS. *Id.*, Ex. A at 4. Thus, the Settlement Agreement represents the parties' complete agreement to all of the material terms governing settlement of this case and is therefore subject to enforcement by this Court.

To the extent Defendants seek to oppose this complete and enforceable Settlement Agreement, Defendants will bear the burden of proof to dispute its validity. *Anand v. California Dep't of Developmental Servs.*, 626 F. Supp. 2d 1061, 1064 (E.D. Cal. 2009); *Expedite It AOG, LLC v. Clay Smith Engineering, Inc.*, 2011 WL 13225044, at *3 (C.D. Cal. 2011). Defendants will not carry this heavy burden if they oppose the instant Motion. The Settlement Agreement is complete and contains all the material terms governing the parties' settlement of the case. Defendants cannot demonstrate any basis to set aside the parties' negotiated and binding Settlement Agreement.

### c. **Defendants Breached the Settlement Agreement**

The parties agreed to a Settlement Agreement obligating Defendants to pay BCS $105,000 via wire transfer on or before February 8, 2019. Brown Decl., Ex. A at ¶ 5. Defendants also agreed to pay BCS the increased amount of $125,000, payable on or before February 9, 2019, if BCS did not receive the $105,000 by the agreed deadline. *Id.* Defendants failed to comply with these terms by failing to make payment timely.

Thus, there can be no dispute that Defendants breached the Settlement Agreement. As such, BCS is entitled to have Judgment entered against Defendants in the amount of $125,000, the amount the parties agreed represented BCS's general, special, and punitive damages, as well as interest and BCS's attorneys' fees associated with litigating the case prior to the January 25, 2019 Settlement Agreement. Brown Decl., Ex. A, ¶ 5.

//

### IV. THE COURT SHOULD AWARD BCS ATTORNEYS' FEES AND COSTS INCURRED IN SEEKING TO ENFORCE THE SETTLEMENT AGREEMENT

The Settlement Agreement entitles BCS to recover any additional attorneys' fees and costs it incurs if BCS prevails on the instant Motion or in any other attempt to enforce the Settlement Agreement's terms against Defendants. *Id.*, Ex. A, ¶ 21. Accordingly, the Court should order Defendants to compensate BCS for such attorneys' fees and costs subject to proof.

BCS seeks to recover the attorneys' fees and costs necessary to bring the instant Motion following Defendants' willful breach of the Settlement Agreement. Because this Court has not yet reopened this case, BCS requests that the Court reopen this case, rule on the instant Motion, and consider BCS's submissions for recovery of its attorneys' fees and costs thereafter. Upon this Court granting the instant Motion and entering Judgment in favor of BCS and against Defendants in the amount of $125,000, pursuant to the terms of the Settlement Agreement, BCS shall submit declarations from counsel reflecting the then-total amounts incurred. Brown Decl., ¶ 5.

### V. CONCLUSION

For the reasons stated above, BCS respectfully requests that the Court reopen the case, grant the instant Motion, enter Judgment in favor of BCS and against Defendants in the amount of $125,000, and order Defendants to pay all of BCS's attorneys' fees and costs incurred in bringing the instant Motion.

DATED: February 26, 2019

Respectfully submitted,
BROWN WHITE & OSBORN LLP

By   s/ *Thomas M. Brown*
    THOMAS M. BROWN
    LUKE FIEDLER
    Attorneys for Plaintiff
    P-COVE ENTERPRISES, INC., dba
    BUYERS CONSULTATION SERVICE, INC.

4811-5197-8376, v. 1